**2022-CC09653**

Electronically Filed - City of St. Louis - August 26, 2020 - 09:50 AM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| DEBBIE PINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. |
| v. | ) | |
| | ) | Div. No. 1 |
| PROGRESSIVE NORTHERN | ) | |
| INSURANCE COMPANY, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Serve at: | ) | |
| | ) | |
| c/o Director | ) | |
| Illinois Department of Insurance | ) | |
| 320 W. Washington Street | ) | |
| Springfield, Illinois 62767 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY, S.I., | ) | |
| | ) | |
| Serve at: | ) | |
| | ) | |
| c/o Director | ) | |
| Missouri Department of Insurance | ) | |
| 301 W. High Street, Room 530 | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION

COMES NOW Plaintiff, DEBBIE PINNEY (hereinafter "Plaintiff"), by and through her undersigned attorneys, and in support of this cause of action against PROGRESSIVE NORTHERN INSURANCE COMPANY (hereinafter "Progressive") and AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I. (hereinafter "American Family"), states as follows:

**EXHIBIT A**

Electronically Filed - City of St. Louis - August 26, 2020 - 09:50 AM

1.     On or about April 24, 2016, Plaintiff was the driver of a vehicle involved in an automobile crash at or around the Clayton Road exit from westbound Highway 64/40 in the City of St. Louis.

2.     That crash, which caused Plaintiff significant bodily injury, was caused by Robert Mosby (hereafter referred to as the "UIM Driver"), who was the driver of the other vehicle involved in the crash.

3.     Specifically, at all times mentioned herein, the UIM Driver owed a duty to others using the public roadways of the State of Missouri to operate his motor vehicle with the highest degree of care and caution.

4.     The UIM Driver breached his duty to use the highest degree of care and caution and was then and there guilty of one or more of the following negligent acts or omissions:

a)     he failed to keep proper lookout for other vehicles; and/or

b)     he drove his vehicle at a speed which was greater than reasonable and proper with regard to the traffic conditions; and/or

c)     he failed to exercise proper control over his vehicle; and/or

d)     he failed to brake his vehicle (reduce his speed) to avoid striking Plaintiff's vehicle, causing it to flip over; and/or

e)     he drove in an inattentive fashion; and/or

f)     other acts of negligence to be established through discovery.

5.     As a direct and proximate result of one or more of the negligent acts or omissions of the UIM Driver, Plaintiff sustained bodily injuries both temporary and permanent to her including but not limited to cuts and abrasions to her body as a whole; back and neck pain; left elbow foreign body, pain, scar contracture, and bursitis in addition to multiple medical procedures to address same; she has incurred and will continue to incur medical, doctor and hospital bills in an effort to be treated for her

Electronically Filed - City of St. Louis - August 26, 2020 - 09:50 AM

injuries; she has incurred lost time and earnings as a result of her injuries, and she has been prevented from attending her usual duties and affairs as she had been able to do prior to the crash in question.

6.      Defendant Progressive is an insurance company in good standing conducting a business in which it sells and issues policies of automobile insurance providing coverage to insureds for accidents that may happen in the State of Missouri, and has the capacity to sue and be sued in the State of Missouri.

7.      Defendant Progressive can be served through the Director of the Illinois Department of Insurance at 320 W. Washington Street, Springfield, Illinois 62767.

8.      Defendant American Family is an insurance company in good standing conducting business in the State of Missouri with the capacity to sue and be sued.

9.      Defendant American Family can be served through the Director of the Missouri Department of Insurance, 301 W. High Street, Room 530, Jefferson City, MO 65101.

10.     Venue is proper with this Court because the acts and occurrences alleged herein, including but not limited to the auto crash that is the subject of this matter, occurred within the County of the City of St. Louis, Missouri.

### COUNT I – BREACH OF CONTRACT VS. PROGRESSIVE

11.     Plaintiff incorporates by reference all of the allegations in Paragraphs 1 through 10 of this Petition as if fully stated herein.

12.     At all times relevant to this action, there was in full force and effect a policy of insurance, designated as Policy Number 904518014 (hereinafter referred to as the "Progressive Policy"), which Defendant Progressive sold to Plaintiff, and which provided underinsured motorist coverage to Plaintiff. (The Progressive Policy is attached hereto as Exhibit A.)

13.     Plaintiff paid all premiums required by the Progressive Policy.

14.     Plaintiff followed all conditions required by the Progressive Policy.

Electronically Filed - City of St. Louis - August 26, 2020 - 09:50 AM

15.     Under the underinsured motorist coverage provisions of the aforesaid Progressive Policy, Defendant Progressive must pay its insured "damages that an insured person is legally entitled to recover from the owner or operator of an…underinsured motor vehicle because of bodily injury…sustained by an insured person…caused by an accident…and arising out of the ownership, maintenance or use of…an underinsured motor vehicle."  (*See* Exhibit A).

16.     The Progressive Policy defines bodily injury as follows: "Bodily injury" means bodily harm, sickness, or disease…" (*See* Exhibit A).

17.     The UIM Driver was insured by First Acceptance Insurance Company (hereinafter "FAIC") with an applicable limit of bodily injury liability insurance of $25,000.

18.     FAIC tendered its limits of liability to Plaintiff on September 25, 2019; on December 3, 2019, Plaintiff provided notice of same to Progressive, and on or about December 6, 2019, Progressive approved Plaintiff's acceptance of those limits.  (*See* Exhibit A).

19.     Plaintiff's damages exceed the $25,000 liability policy limits of the UIM Driver's bodily injury liability policy of insurance with FAIC.

20.     The UIM Driver was an underinsured motorist as defined by the Progressive Policy, which provides that an "underinsured motor vehicle means a land motor vehicle of any type to which a bodily injury…policy applies at the time of the accident, but the sum of all applicable limits of liability for bodily injury is less than the coverage limit shown on the declarations page."  (*See* Exhibit A).

21.     Because of the UIM Driver's status as an underinsured motorist, Plaintiff is entitled to recover benefits under the Progressive Policy. Plaintiff has made a demand for Progressive to pay her compensation in accordance with the terms of the Progressive Policy. Progressive has refused the same.

Electronically Filed - City of St. Louis - August 26, 2020 - 09:50 AM

22.     Progressive is in breach of the underinsured motorist provision of the Progressive Policy. Plaintiff has sustained monetary damages as a result of Progressive's breach of the insurance contract.

WHEREFORE, Plaintiff, Debbie Pinney, prays this Court enter judgment in her favor and against the Defendant, Progressive Northern Insurance Company, for an amount in excess of twenty-five thousand dollars ($25,000) plus costs of suit and attorneys' fees, and for any and other further relief as deemed just, proper, and appropriate by the Court.

### COUNT II – VEXATIOUS CONDUCT UNDER 215 ILCS 5/155 V. PROGRESSIVE

23.     Plaintiff incorporates by reference all of the allegations in Paragraphs 1 through 22 of this Petition as if fully stated herein.

24.     At all times relevant to this cause of action, Plaintiff has been a citizen of the State of Illinois.

25.     Defendant Progressive is an insurance company doing business in the State of Illinois.

26.     At all times relevant to this cause of action, Defendant Progressive insured the Plaintiff, including at the time and location when Plaintiff was injured, as discussed above.

27.     As referenced in Count I of this Petition, Defendant Progressive is in breach of the underinsured motorist provision of the subject Progressive Policy. Plaintiff has sustained monetary damages as a result of Progressive's breach of the insurance contract.

28.     Progressive has failed and refused to tender an amount of money to Plaintiff relative to the reasonable value of this case. This is because Progressive has either failed to properly evaluate Plaintiff's claim against the Progressive Policy, or has done an evaluation but refuses to tender a reasonable proposed settlement amount to Plaintiff.

Electronically Filed - City of St. Louis - August 26, 2020 - 09:50 AM

29.     Progressive's failure to engage in a good faith effort to tender the reasonable value of Plaintiff's bodily injury damages constitutes vexatious conduct under 215 ILCS 5/155.

30.     Progressive has failed to pay Plaintiff a fair amount reflective of her medical charges and injuries incurred to date, or for the value of time and earnings lost to date because of her injuries. Those amounts exceed $25,000.00.

31.     Progressive's failure to evaluate Plaintiff's claim and tender the reasonable value of her damages, including amounts reflective of her medical charges and lost wages and earnings, constitutes unreasonable and vexatious conduct based upon one or more of the following acts or omissions pursuant to 215 ILCS 5/155:

a.     refusal to pay Plaintiff a fair amount reflective of her injuries and medical charges, past and future, without a factual, medical or legal basis for the refusal;

b.     failure to conduct a reasonable investigation into Plaintiff's claim;

c.     failure to inform Plaintiff of the basis of its failure to pay in a timely manner.

32.      As a result of Progressive's actions and failure to pay Plaintiff the benefits she is legally entitled to under the Progressive Policy, Plaintiff was forced to file this lawsuit to recover those benefits.

WHEREFORE, Plaintiff Debbie Pinney prays for a judgment in her favor against Defendant Progressive for an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00); plus costs of suit, reasonable attorney fees, and other costs; plus any and all statutory fees and amounts pursuant to Illinois Insurance Code section 155; and for any other relief this Court deems just and proper.

Electronically Filed - City of St. Louis - August 26, 2020 - 09:50 AM

**COUNT III – VEXATIOUS REFUSAL TO PAY UNDER MO. REV. STAT. 375.420 V. PROGRESSIVE**

33.     Plaintiff incorporates by reference all of the allegations in Paragraphs 1 through 32 of this Petition as if fully stated herein.

34.     Progressive's failure and refusal to pay Plaintiff in the reasonable amount due to her under the Progressive Policy has been without reasonable cause and in contradiction to the clear, applicable law and terms of the Progressive Policy.

35.     As a result of Progressive's failure and refusal to pay Plaintiff, Plaintiff is alternatively entitled to damages for vexatious refusal to pay, pursuant to Mo. Rev. Stat. §375.420, including but not limited to those amounts authorized by said statute as well as reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff Debbie Pinney prays for a judgment in her favor against Defendant Progressive for an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00); plus costs of suit, reasonable attorney fees, and other costs; plus any and all statutory fees and amounts pursuant to Mo. Rev. Stat. §375.420; and for any other relief this Court deems just and proper.

**COUNT IV – BREACH OF CONTRACT V. AMERICAN FAMILY**

36.     Plaintiff incorporates by reference all of the allegations in Paragraphs 1 through 10 of this Petition as if fully stated herein.

37.     At all times relevant to this action, there was in full force and effect a policy of insurance, designated as Policy Number 0315-5003-03-48-FPPA-IL (hereinafter referred to as the "American Family Policy"), which Defendant American Family sold to Plaintiff's sister Dana L. Gibbs, and by virtue of Plaintiff's status as a relative of Ms. Gibbs, provided underinsured motorist coverage to Plaintiff. (The American Family Policy is attached hereto as Exhibit B.)

Electronically Filed - City of St. Louis - August 26, 2020 - 09:50 AM

38.     Dana L. Gibbs paid all premiums required by the American Family Policy.

39.     Plaintiff followed all conditions required by the American Family Policy.

40.     Under the uninsured motorist coverage provisions of the aforesaid American Family Policy, Defendant American Family must pay Plaintiff, as its insured, "…compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle…" that was "…sustained by the insured person…caused by an accident." (*See* Exhibit B).

41.     The American Family Policy defines bodily injury as follows: "Bodily injury" means bodily harm, sickness, or disease…of any person." (*See* Exhibit B).

42.     The UIM Driver was insured by First Acceptance Insurance Company (hereinafter "FAIC") with an applicable limit of bodily injury liability insurance of $25,000.

43.     FAIC tendered its limits of liability to Plaintiff on September 25, 2019 and American Family approved Plaintiff's acceptance of those limits on or about December 3, 2019 after Plaintiff's notice to American Family of same on or about November 6, 2019.

44.     Plaintiff's damages exceed the $25,000 liability policy limits of the UIM Driver's bodily injury liability policy of insurance with FAIC.

45.     The UIM Driver was an underinsured motorist as defined by the American Family Policy, which provides that "…underinsured motor vehicle means a motor vehicle which is insured by a liability bond or policy at the time of the accident which provides bodily injury limits less than the limits of liability of this Underinsured Motorists Coverage." (*See* Exhibit B).

46.     Because of the UIM Driver's status as an underinsured motorist, Plaintiff is entitled to recover benefits under the American Family Policy. Plaintiff has made a demand for American

Electronically Filed - City of St. Louis - August 26, 2020 - 09:50 AM

Family to pay her compensation in accordance with the terms of the American Family Policy. American Family has refused the same.

47.     American Family is in breach of the underinsured motorist provision of the American Family Policy. Plaintiff has sustained monetary damages as a result of American Family's breach of the insurance contract.

WHEREFORE, Plaintiff, Debbie Pinney, prays this Court enter judgment in her favor and against the Defendant, American Family Mutual Insurance Company, S.I., for an amount in excess of twenty-five thousand dollars ($25,000) plus costs of suit and attorneys' fees, and for any and other further relief as deemed just, proper, and appropriate by the Court.

**COUNT V - VEXATIOUS CONDUCT UNDER 215 ILCS 5/155 V. AMERICAN FAMILY**

48.     Plaintiff incorporates by reference all of the allegations in Paragraphs 1 through 10 and 36 through 47 of this Petition as if fully stated herein.

49.     At all times relevant to this cause of action, Plaintiff has been a citizen of the State of Illinois.

50.     Defendant American Family is an insurance company doing business in the State of Illinois.

51.     At all times relevant to this cause of action, Defendant American Family insured the Plaintiff, including at the time and location when Plaintiff was injured, as discussed above.

52.     As referenced in Count III of this Petition, Defendant American Family is in breach of the underinsured motorist provision of the subject American Family Policy. Plaintiff has sustained monetary damages as a result of American Family's breach of the insurance contract.

53.     American Family has failed and refused to tender an amount of money to Plaintiff relative to the reasonable value of this case. This is because American Family has either failed to

Electronically Filed - City of St. Louis - August 26, 2020 - 09:50 AM

properly evaluate Plaintiff's claim against the American Family Policy, or has done an evaluation but refuses to tender a reasonable proposed settlement amount to Plaintiff.

54.     American Family's failure to engage in a good faith effort to tender the reasonable value of Plaintiff's bodily injury damages constitutes vexatious conduct under 215 ILCS 5/155.

55.     American Family has failed a fair amount reflective of her medical charges and injuries incurred to date, or for the value of time and earnings lost to date because of her injuries. Those amounts exceed $25,000.00.

56.     American Family's failure to evaluate Plaintiff's claim and tender the reasonable value of her damages, including amounts reflective of her medical charges and lost wages and earnings, constitutes unreasonable and vexatious conduct based upon one or more of the following acts or omissions pursuant to 215 ILCS 5/155:

        a.     refusal to pay Plaintiff a fair amount reflective of her injuries and medical charges, past and future, without a factual, medical or legal basis for the refusal;

        b.     failure to conduct a reasonable investigation into Plaintiff's claim;

        c.     failure to inform Plaintiff of the basis of its failure to pay in a timely manner.

57.      As a result of American Family's actions and failure to pay Plaintiff the benefits she is legally entitled to under the American Family Policy, Plaintiff was forced to file this lawsuit to recover those benefits.

WHEREFORE, Plaintiff Debbie Pinney prays for a judgment in her favor against Defendant American Family Mutual Insurance Company, S.I. for an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00); plus costs of suit, reasonable attorney fees, and other costs; plus any and all statutory fees and amounts pursuant to Illinois Insurance Code section 155; and for any other relief this Court deems just and proper.

Electronically Filed - City of St. Louis - August 26, 2020 - 09:50 AM

## COUNT VI – VEXATIOUS REFUSAL TO PAY UNDER MO. REV. STAT. 375.420 V. AMERICAN FAMILY

58.     Plaintiff incorporates by reference all of the allegations in Paragraphs 1 through 10 and 36 through 57 of this Petition as if fully stated herein.

59.     American Family's failure and refusal to pay Plaintiff in the reasonable amount due to her under the American Family Policy has been without reasonable cause and in contradiction to the clear, applicable law and terms of the Progressive Policy.

60.     As a result of American Family's failure and refusal to pay Plaintiff, Plaintiff is alternatively entitled to damages for vexatious refusal to pay, pursuant to Mo. Rev. Stat. §375.420, including but not limited to those amounts authorized by said statute as well as reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff Debbie Pinney prays for a judgment in her favor against Defendant American Family for an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00); plus costs of suit, reasonable attorney fees, and other costs; plus any and all statutory fees and amounts pursuant to Mo. Rev. Stat. §375.420; and for any other relief this Court deems just and proper.

**TRIAL BY JURY DEMANDED**

**CLERK TO ISSUES SUMMONS ACCORDING TO LAW**

Electronically Filed - City of St. Louis - August 26, 2020 - 09:50 AM

HEPLERBROOM LLC

By: _/s/ Amanda M. Mueller_

GERARD T. NOCE                    #27636
gtn@heplerbroom.com
AMANDA M. MUELLER            #50385
amm@heplerbroom.com
211 N. Broadway
Suite 2700
St. Louis, MO  63102
314/480-4160
314/241-6116 – Facsimile
*Attorneys for Plaintiff*



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>REX M BURLISON | **Case Number:  2022-CC09653** | Special Process Server 1 |
| Plaintiff/Petitioner:<br>DEBBIE PINNEY | Plaintiff's/Petitioner's Attorney/Address<br>AMANDA MEGAN MUELLER<br>211 N Broadway<br>SUITE 2700<br>ST LOUIS, MO  63102 | Special Process Server 2 |
| vs. | | Special Process Server 3 |
| Defendant/Respondent:<br> PROGRESSIVE NORTH INSURANCE COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:   AMERICAN FAMILY MUTUAL INSURANCE COMPANY**
               **Alias:**

**DIRECTOR OF MISSOURI
DIVISION OF INSURANCE
301 W HIGH ST ROOM 530
JEFFERSON CITY, MO  65101**

**COLE COUNTY**

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**September 1, 2020**

_____
Date

*Thomas Kloeppinger*

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
      Printed Name of Sheriff or Server                     Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____     _____
                                         Date                                     Notary Public

| | |
|---|---|
| **Sheriff's Fees, if applicable** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $    10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>REX M BURLISON | Case Number:  2022-CC09653 | Special Process Server 1 |
| Plaintiff/Petitioner:<br>DEBBIE PINNEY | Plaintiff's/Petitioner's Attorney/Address:<br>AMANDA MEGAN MUELLER<br>211 N Broadway<br>SUITE 2700<br>vs.   ST LOUIS, MO  63102 | Special Process Server 2<br><br>Special Process Server 3 |
| Defendant/Respondent:<br>PROGRESSIVE NORTH INSURANCE<br>COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

| The State of Missouri to:   PROGRESSIVE NORTH INSURANCE COMPANY |
|---|
| **Alias:** |

C/O THE DIRECTOR
IL DEPT OF INSURANCE
320 W WASHINGTON STREET
SPRINGFIELD, IL  62767

**COURT SEAL OF**

**CIRCUIT COURT OF MISSOURI**

**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**September 1, 2020**

_____
Date

_____
Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

_(Seal)_

_____
Signature and Title

| Service Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $ _____ per mile) |
| **Total** | $_____ | |

See the following page for directions to officer making return on service of summons.

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - City of St. Louis - September 01, 2020 - 03:45 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

DEBBIE PINNEY,                          )
                                        )
              Plaintiff,                )
                                        )    Cause No. 2022-CC09653
v.                                      )
                                        )    Division No. 1
PROGRESSIVE NORTHERN                    )
INSURANCE COMPANY, and                  )
AMERICAN FAMILY MUTUAL                  )
INSURANCE COMPANY, S.I.,                )
                                        )
              Defendants.               )

## ENTRY OF APPEARANCE

COMES NOW Gerard T. Noce of the law firm of HeplerBroom, LLC, and hereby enters his appearance on behalf of Plaintiff Debbie Pinney.


HEPLERBROOM LLC

By:    */s/Gerard T. Noce*
GERARD T. NOCE              #27636
gtn@heplerbroom.com
AMANDA M. MUELLER           #50385
amm@heplerbroom.com
211 North Broadway
Suite 2700
St. Louis, MO  63102
314/241-6160
314/241-6116 – Facsimile
*Attorneys for Plaintiff Debbie Pinney*

**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

**FILED**

SEP 28 2020

| | | |
|---|---|---|
| Judge or Division:<br>REX M BURLISON | Case Number: **2022-CC09653** | 22ND JUDICIAL CIRCUIT<br>CIRCUIT CLERK'S OFFICE |
| Plaintiff/Petitioner:<br>DEBBIE PINNEY | Plaintiff's/Petitioner's Attorney/Address<br>AMANDA MEGAN MUELLER<br>211 N Broadway<br>SUITE 2700<br>ST LOUIS, MO 63102 | BY _____ DEPUTY<br>Special Process Server 2<br><br>Special Process Server 3 |
| Defendant/Respondent:<br> PROGRESSIVE NORTH INSURANCE<br>COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | *RECEIVED*<br>SEP 09 2020 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | (Date File Stamp) |

**Summons in Civil Case**

| | |
|---|---|
| **The State of Missouri to:** | **AMERICAN FAMILY MUTUAL INSURANCE COMPANY**<br>**Alias:** |

DIRECTOR OF MISSOURI
DIVISION OF INSURANCE
301 W HIGH ST ROOM 530
JEFFERSON CITY, MO 65101

*COURT SEAL OF*

**COLE COUNTY**

**COLE COUNTY SHERIFF'S OFFICE**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*CITY OF ST LOUIS*

**September 1, 2020**

_____ Date

_Thomas Kloeppinger_

_____ Clerk

Further Information:

**Sheriff's or Server's Return**

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_Debra Lee_ (name) _Designee_ (title).

☐ other: _____

Served at _301 W High St Jefferson City mo 65101_ (address)

in _Cole_ (County/~~City of St. Louis~~), MO, on _09/11/2020_ (date) at _9:15 AM_ (time).

Sheriff _Al P Wheeler_

By _Dep. John Strobel 81_

_____
Printed Name of Sheriff or Server

Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: **ENTERED**

_____ Date

_____ Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ _____ | **SEP 29 2020** |
| Non Est | $ _____ | **M S** |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ __10.00__ | |
| Mileage | $ _____ ( ____ miles @ $ ____ per mile) | |
| Total | $ _____ | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - September 30, 2020 - 03:29 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

DEBBIE PINNEY,                          )
                                        )
        Plaintiff,                      )
                                        )       Cause No.      2022-CC09653
vs.                                     )
                                        )       Division No.   1
PROGRESSIVE NORTHERN                    )
INSURANCE COMPANY and                   )
AMERICAN FAMILY MUTUAL                  )
INSURANCE COMPANY, S.I.,                )
                                        )
        Defendants.                     )

## ENTRY OF APPEARANCE

Come now Daniel E. Wilke and Wilke & Wilke, P.C. and enter their appearance as

attorneys for Defendant Progressive Northern Insurance Company.

                                    **/s/ Daniel E. Wilke**
                                    Daniel E. Wilke #24464
                                    James A. Wilke #51242
                                    WILKE & WILKE, P.C.
                                    Attorneys for Defendant
                                    Progressive Northern Insurance Co.
                                    2708 Olive Street
                                    St. Louis, Missouri 63103
                                    314-371-0800
                                    Fax: 314-371-0900
                                    wilke@wilkewilke.net

        I hereby certify that on September 30, 2020 the foregoing was filed electronically with
the Clerk of Court to be served by operation of the Court's electronic filing system upon the
following:

Gerard T. Noce
Amanda M. Mueller
Attorneys at Law
211 North Broadway, Suite 2700
St. Louis, MO 63102
ATTORNEYS FOR PLAINTIFF

                                    **/s/ Daniel E. Wilke**

DEW:lb

Electronically Filed - City of St. Louis - September 30, 2020 - 03:28 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

DEBBIE PINNEY,              )
                         )
      Plaintiff,        )
                         )   Cause No.     2022-CC09653
vs.                       )
                         )   Division No.   1
PROGRESSIVE NORTHERN   )
INSURANCE COMPANY and    )
AMERICAN FAMILY MUTUAL  )
INSURANCE COMPANY, S.I.,   )
                         )
     Defendants.      )

## ENTRY OF APPEARANCE

Come now James A. Wilke and Wilke & Wilke, P.C. and enter their appearance as

attorneys for Defendant Progressive Northern Insurance Company.

                         **/s/ James A. Wilke**
                         Daniel E. Wilke #24464
                         James A. Wilke #51242
                         WILKE & WILKE, P.C.
                         Attorneys for Defendant
                         Progressive Northern Insurance Co.
                         2708 Olive Street
                         St. Louis, Missouri 63103
                         314-371-0800
                         Fax: 314-371-0900
                         wilke@wilkewilke.net

      I hereby certify that on September 30, 2020 the foregoing was filed electronically with
the Clerk of Court to be served by operation of the Court's electronic filing system upon the
following:

Gerard T. Noce
Amanda M. Mueller
Attorneys at Law
211 North Broadway, Suite 2700
St. Louis, MO 63102
ATTORNEYS FOR PLAINTIFF

                         **/s/ James A. Wilke**

DEW:lb

Electronically Filed - City of St. Louis - September 30, 2020 - 03:29 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

DEBBIE PINNEY,                 )
                              )
        Plaintiff,             )
                              )    Cause No.      2022-CC09653
vs.                           )
                              )    Division No.   1
PROGRESSIVE NORTHERN     )
INSURANCE COMPANY and      )
AMERICAN FAMILY MUTUAL    )
INSURANCE COMPANY, S.I.,     )
                              )
        Defendants.       )

## **DEFENDANT PROGRESSIVE'S ANSWER TO PLAINTIFF'S PETITION**

Comes now Defendant Progressive Northern Insurance Company, by and through its attorneys, and for its Answer to Plaintiff's Petition states as follows:

1.      Defendant denies the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59 and 60 of Plaintiff's Petition.

2.      For further answer and defense, Defendant Progressive states that it is entitled to a set off in the amount of $25,000.00, the amount received by Plaintiff from the tortfeasor's insurance company.

3.      For further answer and defense, Defendant Progressive states that Plaintiff's recovery against this Defendant is barred by the applicable two year statute of limitations. 215 ILCS 5/143a-2.

WHEREFORE, having fully answered, Defendant Progressive Northern Insurance Company prays to be dismissed hence with its costs herein expended.

Electronically Filed - City of St. Louis - September 30, 2020 - 03:29 PM

**/s/ Daniel E. Wilke**
Daniel E. Wilke #24464
James A. Wilke #51242
WILKE & WILKE, P.C.
Attorneys for Defendant
Progressive Northern Insurance Co.
2708 Olive Street
St. Louis, Missouri 63103
314-371-0800
Fax: 314-371-0900
wilke@wilkewilke.net

      I hereby certify that on September 30, 2020 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Gerard T. Noce
Amanda M. Mueller
Attorneys at Law
211 North Broadway, Suite 2700
St. Louis, MO 63102
ATTORNEYS FOR PLAINTIFF

                                   **/s/ Daniel E. Wilke**

DEW:lb

Electronically Filed - City of St. Louis - September 30, 2020 - 03:29 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

DEBBIE PINNEY,                 )

                      )

      Plaintiff,        )

                      )   Cause No.    2022-CC09653

vs.                    )

                      )   Division No.  1

PROGRESSIVE NORTHERN      )

INSURANCE COMPANY and      )

AMERICAN FAMILY MUTUAL    )

INSURANCE COMPANY, S.I.,     )

                      )

      Defendants.      )

## **DEFENDANT PROGRESSIVE'S MOTION TO TRANSFER VENUE**

Comes now Defendant Progressive Northern Insurance Company, by and through its attorneys, and for its Motion states as follows:

1.     The accident described in Plaintiff's Petition occurred in St. Louis County, not in the City of St. Louis.

2.     Because the place of the accident is in St. Louis County, the case should be transferred there for further proceedings. §375.1806 R.S.Mo.

3.     Venue in the City of St. Louis is not proper.

WHEREFORE, Defendant Progressive Northern Insurance Company prays the Court to transfer this case to St. Louis County for further proceedings and for such other further relief as the Court deems just and proper.

Electronically Filed - City of St. Louis - September 30, 2020 - 03:29 PM

/s/ **Daniel E. Wilke**
Daniel E. Wilke #24464
James A. Wilke #51242
WILKE & WILKE, P.C.
Attorneys for Defendant
Progressive Northern Insurance Co.
2708 Olive Street
St. Louis, Missouri 63103
314-371-0800
Fax: 314-371-0900
wilke@wilkewilke.net

I hereby certify that on September 30, 2020 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Gerard T. Noce
Amanda M. Mueller
Attorneys at Law
211 North Broadway, Suite 2700
St. Louis, MO 63102
ATTORNEYS FOR PLAINTIFF

/s/ **Daniel E. Wilke**

DEW:lb

Electronically Filed - City of St. Louis - October 01, 2020 - 10:53 AM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| DEBBIE PINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No.      2022-CC09653 |
| vs. | ) | |
| | ) | Division No.   1 |
| PROGRESSIVE NORTHERN | ) | |
| INSURANCE COMPANY and | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY, S.I., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE OF INTERROGATORIES

Comes now Defendant Progressive Northern Insurance Company and states that a copy of Defendant's First Set of Interrogatories Directed to Plaintiff for answer and Request for Production of Documents have been emailed in MS Word 6.0 format to attorneys of record at amm@heplerbroom.com and by regular mail this 1st day of October, 2020.

**/s/ Daniel E. Wilke**
Daniel E. Wilke #24464
James A. Wilke #51242
WILKE & WILKE, P.C.
Attorneys for Defendant
Progressive Northern Insurance Co.
2708 Olive Street
St. Louis, Missouri 63103
314-371-0800
Fax: 314-371-0900
wilke@wilkewilke.net

Electronically Filed - City of St. Louis - October 02, 2020 - 09:57 AM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

DEBBIE PINNEY,                          )
                                        )
            Plaintiff,                  )
                                        )   Cause No.      2022-CC09653
vs.                                     )
                                        )   Division No.   1
PROGRESSIVE NORTHERN                    )
INSURANCE COMPANY and                   )
AMERICAN FAMILY MUTUAL                  )
INSURANCE COMPANY, S.I.,                )
                                        )
            Defendants.                 )

**DEFENDANT PROGRESSIVE'S AMENDED ANSWER TO PLAINTIFF'S PETITION**

Comes now Defendant Progressive Northern Insurance Company, by and through its

attorneys, and for its Answer to Plaintiff's Petition states as follows:

1.      Defendant denies the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9,

10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35,

36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59 and 60

of Plaintiff's Petition.

2.      For further answer and defense, Defendant Progressive states that it is entitled to a

set off in the amount of $25,000.00 from any damages awarded to her by the finder of fact, the

amount received by Plaintiff from the tortfeasor's insurance company.

3.      For further answer and defense, Defendant Progressive states the alleged

Underinsured Motor Vehicle was insured for $25,000. Progressive's policy defines

"**underinsured motor vehicle**" as "a land motor vehicle of any type to which

a bodily injury liability bond or policy applies at the time of the accident, but the

sum of all applicable limits of liability for bodily injury is less than the coverage limit

Electronically Filed - City of St. Louis - October 02, 2020 - 09:57 AM

for Uninsured/Underinsured Motorist Bodily Injury Coverage shown on the **declarations page**." Progressive's Declarations Page states the limits of Uninsured/Underinsured Motorist Bodily Injury Coverage are $25,000, and the alleged motor vehicle is not an **underinsured motor vehicle** under Progressive's policy and there is therefore no Underinsured Motor Vehicle coverage under Progressive's Policy.

4. For further answer and defense, Progressive states that its policy contains an "Other Insurance Clause" that states in pertinent part "any insurance **we** provide with respect to a vehicle that is not a **covered auto** will be excess over any other uninsured or underinsured motorist coverage." Plaintiff was driving a vehicle that was not a **covered auto** under Progressive's policy and that vehicle provides underinsured motor vehicle coverage to Plaintiff, and Progressive's policy would therefore be excess to that other UIM coverage.

5. Progressive's underinsured motor vehicle coverage states, "The limits of liability under this Part III for **bodily injury** will be reduced by all sums: 1. paid because of **bodily injury** by or on behalf of any persons or organizations that may be legally responsible." As Plaintiff has received $25,000 from the insurer of the tortfeasor, the UIM limits of liability under the Progressive policy are reduced to $0, and there is therefore no UIM coverage under Progressive's policy.

WHEREFORE, having fully answered, Defendant Progressive Northern Insurance Company prays to be dismissed hence with its costs herein expended.

Electronically Filed - City of St. Louis - October 02, 2020 - 09:57 AM

/s/ **Daniel E. Wilke**
Daniel E. Wilke #24464
James A. Wilke #51242
WILKE & WILKE, P.C.
Attorneys for Defendant
Progressive Northern Insurance Co.
2708 Olive Street
St. Louis, Missouri 63103
314-371-0800
Fax: 314-371-0900
wilke@wilkewilke.net

  I hereby certify that on October 2, 2020 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Gerard T. Noce
Amanda M. Mueller
Attorneys at Law
211 North Broadway, Suite 2700
St. Louis, MO 63102
ATTORNEYS FOR PLAINTIFF

             /s/ **Daniel E. Wilke**

JAW:lb

Electronically Filed - City of St. Louis - October 02, 2020 - 09:57 AM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| DEBBIE PINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No.      2022-CC09653 |
| vs. | ) | |
| | ) | Division No.   1 |
| PROGRESSIVE NORTHERN | ) | |
| INSURANCE COMPANY and | ) | |
| AMERICAN FAMILY MUTUAL | ) | |
| INSURANCE COMPANY, S.I., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM</u>**

Comes now Defendant Progressive Northern Insurance Company, by and through its

attorneys and withdraws its Motion to Transfer Venue.

**/s/ James A. Wilke**
Daniel E. Wilke #24464
James A. Wilke #51242
WILKE & WILKE, P.C.
Attorneys for Defendant
Progressive Northern Insurance Co.
2708 Olive Street
St. Louis, Missouri 63103
314-371-0800
Fax: 314-371-0900
wilke@wilkewilke.net

I hereby certify that on October 2, 2020 the foregoing was filed electronically with the
Clerk of Court to be served by operation of the Court's electronic filing system upon the
following:

Gerard T. Noce
Amanda M. Mueller
Attorneys at Law
211 North Broadway, Suite 2700
St. Louis, MO 63102
ATTORNEYS FOR PLAINTIFF

**/s/ James A. Wilke**

JAW:lb